THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES EDWARD BASS, Defendant.

County Court, Albany County, December 12, 1966.

*John T. Garry, District Attorney (J. Raymond Fisher* of counsel), for plaintiff. *Morris Zuckman* for defendant.

MARTIN SCHENCK, J. This defendant was convicted on February 20, 1953 of the crime of carnal abuse of a child in violation of section 483-a of the Penal Law. Following conviction, a psychiatric examination was ordered pursuant to section 2189-a of the Penal Law. The records indicate full compliance with the procedure referred to in the latter section. Section 2189-a provides that examination " shall be made in the manner prescribed by sections six hundred fifty-nine, six hundred sixty, six hundred sixty-one and six hundred sixty-two-e of the code of criminal procedure. Such report shall include all facts and findings necessary to assist the court in imposing sentence ". The report of two psychiatrists designated by the Director of the Hudson River State Hospital was submitted with the written concurrence of the Director of the Hudson River State Hospital as provided in the foregoing sections of the code. Thereafter the court sentenced the defendant to a term of from one day to his natural life. The defendant is still serving under that sentence.

The present *coram nobis* petition is based on the contention that the psychiatric examination and reports were not in accordance with the requirements of section 2189-a. The point stressed by the petitioner is that the psychiatric report upon examination of the defendant following his conviction concludes by expressing the opinion that the defendant is not in such a state of idiocy, etc., as to be incapable of understanding the charge or of making his defense (i.e., the so-called " McNaughton Rule " then in effect). The expression of such an opinion, of course, was meaningless because the defendant had already stood trial without any contention that he was in the mental state referred to or was unable through mental incapacity to make a defense. There was no plea of " not guilty by reason of insanity ".

The case was tried upon the merits and with the very apparent assumption of all concerned, including retained defense counsel, that insanitiy as defined by law was not an issue. Accordingly, the reference in the report to the defendant's mental status as to understanding the charge or of making a defense was surplusage. The psychiatric report, however, contained a complete

and detailed analysis of the defendant covering his entire life and presenting conclusions by way of diagnosis. The examiners found that the prisoner was not psychotic. They found, nevertheless, that clinically he should be classified in the category of " sociopathic personality reaction of the dissocial type ". They also found that " His personality reactions are those that reflect a lifelong pattern of social maladjustment characterized by faulty habit patterns, poor work record, emotional lability, faulty judgment, frequent brushes with authority, failure to learn from experience, excessive alcoholism, impulsive behavior and pathological sexuality ". It was upon the basis of these findings, manifestly not pertinent to a " McNaughton Rule " report and in the light of the man's background, that the court imposed the one day to life sentence. This was clearly in accordance with the provisions of section 2189-a which require that the report " shall include all facts and findings necessary to assist the court in imposing sentence ". Sentencing was in the court's discretion having before it the necessary " facts and findings " to sustain such a sentence even though the psychiatrists did not recommend a " one day to life " sentence in so many words.

The situation is distinguished from that in *People ex rel. Lawson* v. *Denno* (9 N Y 2d 181). In that case a one day to life sentence was imposed without a psychiatric examination following conviction. The trial court apparently sentenced Lawson upon the basis of a psychiatric examination that was made shortly after his arrest and prior to trial. There was no compliance with section 2189-a under those facts. The more recent case of *People* v. *Jiggetts* (19 A D 2d 837) is similarly distinguished because it was there held that there was no showing that when sentence was imposed the court had before it a psychiatric report current and pertinent to the provisons of section 2189-a. The court here did have such a report and did, as a matter of fact, rely on it in passing sentence. The mere failure of the report to refer to a one day to life sentence is immaterial in view of the fact that the basic core of the report indicated the propriety of the sentence imposed. The latter fact distinguishes our situation from *People* v. *Jackson* (20 A D 2d 170, 174) where it was held that the report did not sufficiently show " a probable behavior pattern which would render it dangerous to release him now ". Here the report specifically refers, *inter alia,* to " impulsive behavior and pathological sexuality ".

This court, in passing upon the present petition, notes that, following the imposition of sentence upon this petitioner, a directive was made to the District Attorney, with respect to future cases, to request the psychiatrists to specifically make

recommendation as to the suitability of a one day to life sentence in their written reports. This, however, was merely for the purpose of clarification of possible ambiguities which might arise in a future psychiatric report but which were not found here because the clear findings of the psychiatrists, as indicated above, led to the conclusion that the one day to life sentence was not only appropriate but was required in the interests of justice. The law was new at that time and the psychiatrists presumably used an inappropriate "form" although the content of their report did fulfill the pertinent legal requirements. The fact that some 14 years later this defendant is still confined under that sentence would seem to bear out concurrence by the Parole Board in the judgment of the court. The petition is in all respects denied.